UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
NICHOLAS J. GENOVESE, :
:
:
Plaintiff,, :
: 22-CV-0800 (JMF)
-v- : 18-CR-0183 (JMF)
:
UNITED STATES OF AMERICA, : ORDER
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Nicholas Genovese, proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255. ECF No. 1.[1] On February 3, 2022, the Court determined that the motion should not be summarily dismissed as being without merit and ordered the Government to answer or otherwise respond to the motion. ECF No. 3. Genovese subsequently moved for appointment of counsel. ECF Nos. 5, 6. The Court construes Genovese's request for counsel as one pursuant to 18 U.S.C. § 3006A(a)(2)(B).

      The Criminal Justice Act ("CJA") provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of Title 28." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to exercise its discretion to appoint counsel under the CJA, courts consider "the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *Jerez v. Bell*, No. 19-CV-2385 (CM), 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019). A petitioner must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. Next, as a threshold matter, the Court must determine "whether the indigent's position seems likely to be of substance," and "appears to have some chance of success." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985); *accord Ocasio v. United States*, No. 20-CV-9733 (JPC), 95-CR-942 (JPC), 2021 WL 1040589, at *1 (Feb. 23, 2021). Once the threshold inquiry is made, the Court will consider other factors including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in the case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62.

      While Genovese has not officially moved for *in forma pauperis* in connection with this motion, he filed an affidavit demonstrating inability to pay for legal representation on February

---

[1] All ECF docket citations are to No. 22-CV-0800 (JMF), unless otherwise noted.

29, 2020, and was permitted to proceed *in forma pauperis* in his criminal appeal on March 13, 2020. *See* No. 18-CR-183, ECF No. 72. As Genovese has been incarcerated in the interim, he qualifies as indigent. *See Ocasio*, 2021 WL 1040589, at *1.

Next, the Court must determine whether petitioner's "position seems likely to be of substance." *Hodge*, 802 F.2d at 61. Given the split of authority on the question of when the statute of limitations began to run for purposes of Genovese's motion, the Court concludes that, in the interest of justice, CJA counsel should be appointed at this time for the limited purpose of determining whether the motion is timely and whether the motion is barred by any waiver of the right to bring a collateral challenge to Genovese's sentence. *See* ECF No. 3.

Accordingly, the Court grants the motion for counsel under 18 U.S.C. § 3006A and directs the Clerk of Court to send this Order to the CJA Clerk, who is directed to assign counsel for the limited purpose of addressing the questions stated above. The Clerk of Court is directed to mail a copy of this Order to Genovese and to terminate ECF No. 5.

SO ORDERED.

Dated: February 24, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge